UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELIA TIPPIT,<br>    Plaintiff<br><br>V.<br><br>VANTAGE TRAVEL SERVICE, INC,<br>d/b/a VANTAGE DELUXE WORLD<br>TRAVEL<br><br>and<br><br>SUNSTONE SHIPS, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR A JURY TRIAL**

Now comes the Plaintiff, Celia Tippit, and for her Complaint against the Defendants, Vantage Travel Service, Inc., doing business as ("d/b/a") Vantage Deluxe World Travel, and Sunstone Ships, Inc., states as follows:

*THE PARTIES*

1. The Plaintiff, Celia Tippit, is a resident of Astoria, State of Oregon.

2. The Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Boston, Massachusetts.

3. The Defendant, Sunstone Ships, Inc., is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business in Miami, Florida.

4. At all times relevant, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, was doing business in the Commonwealth of Massachusetts.

5. At all times relevant, the Defendant, Sunstone Ships, Inc., was doing business in the Commonwealth of Massachusetts.

## *JURISDICTION AND VENUE*

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

7. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

## *GENERAL FACTUAL ALLEGATIONS*

8. On February 10, 2020, the Plaintiff, Celia Tippit purchased "a White Continent Holiday" from the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, for a 24 day excursion ("the excursion") aboard the M/V OCEAN EXPLORER visiting South Georgia, the Falklands and Antarctica.

9. On or about December 28, 2021, the Plaintiff, Celia Tippit, was a passenger lawfully aboard the M/V OCEAN EXPLORER participating in the excursion.

10. On or about December 28, 2021, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, owned the M/V OCEAN EXPLORER.

11. On or about December 28, 2021, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, its agents, servants and/or employees, operated the M/V OCEAN EXPLORER.

12. On or about December 28, 2021, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, its agents, servants and/or employees, controlled the M/V

OCEAN EXPLORER.

13. On or about December 28, 2021, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, chartered the M/V OCEAN EXPLORER from some other person or entity such that on or about December 28, 2021, the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, was the owner *pro hac vice* of the M/V OCEAN EXPLORER.

14. On or about December 28, 2021, the Defendant, Sunstone Ships. Inc., owned the M/V OCEAN EXPLORER.

15. On or about December 28, 2021, the Defendant, Sunstone Ships, Inc., its agents, servants and/or employees, operated the M/V OCEAN EXPLORER.

16. On or about December 28, 2021, the Defendant, Sunstone Ships, Inc., its agents, servants and/or employees, controlled the M/V OCEAN EXPLORER.

17. On or about December 28, 2021, the Defendant, Sunstone Ships, Inc., chartered the M/V OCEAN EXPLORER from some other person or entity such that on or about December 28, 2021, the Defendant, Sunstone Ships, Inc., was the owner *pro hac vice* of the M/V OCEAN EXPLORER.

18. On or about December 28, 2021, the M/V OCEAN EXPLORER was in navigable waters.

19. On or about December 28, 2021, the Plaintiff, Celia Tippit, sustained personal injuries, including a fracture of her left hip while exiting a biocide bath system onboard the M/V OCEAN EXPLORER .

20. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, Celia Tippit, was exercising due care.

### COUNT I—NEGLIGENCE
### *Celia Tippit v. Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel*

21. The Plaintiff, Celia Tippit, reiterates the allegations set forth in paragraphs 1-20 above.

22. The personal injuries sustained by the Plaintiff, Celia Tippit, were not caused by any fault on her part but were caused by the negligence of the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel; including, but not limited to:

    a) failing to use reasonably safe biocide bath containers;

    b) failing to place biocide bath containers in a reasonably safe position/location;

    c) failing to provide passengers with a reasonable safe means of steadying themselves while using the biocide bath containers;

    d) failing to offer reasonably safe directions/instructions to passengers using the biocide bath containers;

    e) failing to offer assistance to passengers using the biocide bath containers;

    f) failing to reasonably supervisor passengers using the biocide bath containers;

    g) in other manners which will be learned during discovery and shown at trial.

23. As a result of said personal injuries, the Plaintiff, Celia Tippit, has suffered pain of body and anguish of mind, lost wages, lost time from her usual pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Celia Tippit, demands judgment against the Defendant, Vantage Travel Service, Inc., d/b/a Vantage Deluxe World Travel, in an amount to be determined by a jury, together with interests and costs.

<u>COUNT II—NEGLIGENCE</u>
<u>Celia Tippit v. Sunstone Ships, Inc.</u>

24. The Plaintiff, Celia Tippit, reiterates the allegations set forth in paragraphs 1-20 above.

25. The personal injuries sustained by the Plaintiff, Celia Tippit, were not caused by any fault on her part but were caused by the negligence of the Defendant, Sunstone Ships, Inc., including, but not limited to:

   a) failing to use reasonably safe biocide bath containers;

   b) failing to place biocide bath containers in a reasonably safe position/location;

   c) failing to provide passengers with a reasonable safe means of steadying themselves while using the biocide bath containers;

   d) failing to offer reasonably safe directions/instructions to passengers using the biocide bath containers;

   e) failing to offer assistance to passengers using the biocide bath containers;

   f) failing to reasonably supervisor passengers using the biocide bath containers;

   g) in other manners which will be learned during discovery and shown at trial.

26. As a result of said personal injuries, the Plaintiff, Celia Tippit, has suffered pain of body and anguish of mind, lost wages, lost time from her usual pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Celia Tippit, demands judgment against the Defendant, Sunstone Ships, Inc., in an amount to be determined by a jury, together with interests and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY AS TO ALL ISSUES RAISED IN HER COMPLAINT**

Dated: 11/8/2022

Respectfully submitted for the
the Plaintiff, Celia Tippit,
by her attorney,

/s/ Jonathan E. Gilzean
Jonathan E. Gilzean, BBO #679164
Latti & Anderson, LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
JGilzean@lattianderson.com