United States District Court
District of Massachusetts

| | |
|---|---|
| Celia Tippit, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 22-11882-NMG |
| Vantage Travel Service, Inc. | ) |
| d/b/a Vantage Deluxe World | ) |
| Travel, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Celia Tippit ("Tippit" or "plaintiff") brings this action against defendant Vantage Travel Service, Inc. doing business as Vantage Deluxe World Travel ("Vantage" or "defendant") for negligence. Pending before the Court is defendant's motion to dismiss, or in the alternative, for summary judgment. For the following reasons, the motion to dismiss will be denied.

**I.   Background**

    **A.   Factual Background**

From December, 2021 through early January, 2022, plaintiff Tippit, a resident of Astoria, Oregon, participated in a 24-day "White Continent Holiday" expedition cruise on the M/V Ocean

- 1 -

Explorer, which visited South Gorgia, the Falkland Islands and Antarctica.  Tippit purchased the tour package from defendant Vantage, which has a principal place of business in Boston, Massachusetts.

On December 28, 2021, Tippit fractured her left hip when she fell leaving a biocide bath container located onboard the M/V Ocean Explorer.  Prior to embarking on an excursion to Paulet Island, the passengers were required to depart from the vessel via three tubs of biocide disinfectant.  Biocide baths are required by regulations of the International Association of Antarctica Tour Operators ("IAATO") to eliminate the possibility of contamination on the ice floes.

B.   **Relationship between Vantage and Relevant Parties**

Vantage claims that the excursion to Paulet Island was organized and staffed by a third-party excursion operator, Bryde GmbH ("Bryde").  Vantage contracted with Bryde, an independent German company, to provide staffing for its excursions on the M/V Ocean Explorer.

Vantage did not employ or hire any of the M/V Ocean Explorer's crew, nor did it own the M/V Ocean Explorer.  Defendant entered into a time charter for the vessel with Explorer BBHP Owner Ltd. of Nassau, Bahamas.

### C. Procedural History

In November, 2022, Tippit filed a two-count complaint in this Court against defendant Vantage and Sunstone Ships, Inc. ("Sunstone") alleging negligence. Sunstone moved to dismiss in December, 2022 and several days later, Tippit voluntarily dismissed her claims against Sunstone. In January, 2023, Vantage filed the pending motion to dismiss, or in the alternative, for summary judgment.

## II. Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the subject pleading must state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the "court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to

judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).  A court also may not disregard properly pled factual allegations even if "actual proof of those facts is improbable." Ocasio-Hernandez, 640 F.3d at 12 (quoting Twombly, 550 U.S. at 556).  Rather, the necessary "inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.  The assessment is holistic:

> the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.

Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernandez, 640 F.3d at 14).

**B.   Application**

The Court will treat the pending motion as one to dismiss. Vantage contends that it is not liable for the alleged negligence of a third-party supplier of services because the third-party operator, Bryde, was responsible for all excursion activities, including the preparation and use of the biocide baths.

Vantage cites several cases from this district, including this session, in support of the proposition that a tour operator is not liable for the negligence of a third-party supplier of services. See Paredes v. Abercrombie & Kent Int'l, Inc., 81 F.

Supp. 2d 162 (D. Mass. 1999); Ross v. Trans Nat. Travel, Civ. A. No. 88-1763-Z, 1990 WL 79229 (D. Mass. June 5, 1990); Hassett v. Cape Cod Bicycle Tours, Inc., Civ. A. No. 87-0016-Z, 1987 WL 17540 (D. Mass. Sept. 3, 1987).

Although Vantage is correct that a tour operator is not liable for the negligence of an independent third-party supplier of services, Tippit alleges that Vantage retained significant control over onboard activities and held Bryde staff out to be its own agents.  For example, Bryde employees wore Vantage branded uniforms and waterproof outdoor gear and sought to photograph staff wearing the branded clothing for Vantage's promotional use.

At the motion to dismiss stage, the Court accepts plaintiff's factual allegations as true and draws all reasonable inferences in plaintiff's favor. Ocasio-Hernandez, 640 F.3d at 12.  Accepting plaintiff's allegations that Vantage retained control over the activities onboard the M/V Ocean Explorer as true, she has stated a claim for which relief can be granted. See Paredes v. Princess Cruises, Inc., 1 F. Supp. 2d 87, 91 (D. Mass. 1998).

**ORDER**

For the foregoing reasons, defendant Vantage's motion to dismiss, or in the alternative, for summary judgment (Docket No. 19) is **DENIED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: July 5, 2023